IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY WEAVER, | * |
| | * |
| Plaintiff, | * |
| vs. | *   2:06cv00190 SWW |
| | * |
| | * |
| FLETCHER LONG, IN HIS OFFICIAL | * |
| CAPACITY AS PROSECUTOR OF THE | * |
| 1st JUDICIAL DISTRICT; THE PHILLIPS | * |
| COUNTY CIRCUIT COURT, CRIMINAL | * |
| DIVISION, | * |
| | * |
| Defendants. | * |

ORDER

Johnny Weaver, an African-American and former Mayor of the City of West Helena, Arkansas, brings this 42 U.S.C. §§ 1981, 83 action against Fletcher Long, Prosecutor of the 1st Judicial District, and the Phillips County Circuit Court, Criminal Division, alleging he is being selectively prosecuted for felony theft of property based on his race and in retaliation "against his electoral success as an African-American candidate for Mayor of West Helena, Arkansas and the exercise of his constitutional right of freedom of speech as the African-American Mayor of West Helena, Arkansas which engendered hostility from the minority white community of West Helena, Arkansas." Am. Compl. at ¶¶ 12,16.[1] Weaver does not seek monetary damages but states he will suffer irreparable harm to his personage and his public reputation if this prosecution is allowed to proceed, and that "injunctive relief is appropriate to prevent a gross mischaracter [sic] of justice, *i.e.* the use of the criminal justice system for the purpose of bringing

---

[1] The information charges as follows: "The said Defendant on or about the 16th day of November, 2005, in Phillips County, Arkansas, did unlawfully and knowingly, with the purpose of depriving the owner of its property, take unauthorized control over cash, having a total value in excess of $2,500.00, such being the property of the City of West Helena."

forth for trial a criminal charge that has been instituted in bad faith, utilizing selective prosecutory consideration based on race, in allowing a prosecution to proceed that has no chance of ending in a constitutional verdict of guilty, allowing a prosecution to proceed that is not predicated upon law, facts, and has undergone a investigatory process recognized by law, based upon a Warrant of Arrest that is knowingly unconstitutionally defective." *Id*. at ¶¶ 15, 45.

The matter is before the Court on defendants' unopposed motion to dismiss Weaver's amended complaint [doc.#4] on grounds, among other things, that this Court should abstain from enjoining Weaver's ongoing state court criminal prosecution in accordance with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Having considered the matter, and there being no objection, the Court hereby grants defendants' motion to dismiss.[2]

I.

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), a court generally must ignore materials outside the pleadings, but it may consider materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Porus Media*

---

[2] Defendants filed their motion to dismiss on October 16, 2006, to which Weaver never responded. On April 27, 2007, this action was reassigned to this Court from the docket of the late Judge Howard.

*Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).

II.

In *Younger* the Supreme Court held that "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56 (footnote omitted). The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings and is based on comity and federalism. *Lewellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988). There are essentially three issues that must be addressed in determining whether to invoke the *Younger* abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 479 (8th Cir. 1998) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention appropriate'" *Id.* (quoting *Middlesex*, 457 U.S. at 435). This bad faith exception "must be construed narrowly and only invoked in 'extraordinary circumstances.'" *Aaron v. Target Corporation*, 357 F.3d 768, 778-89 (8th Cir. 2004) (quoting *Younger*, 401 U.S. at 53-54).

The Court finds that all three of the questions to be asked in determining whether to invoke the *Younger* abstention doctrine must be answered in the affirmative. Weaver

acknowledges that he is seeking to enjoin an ongoing state criminal judicial proceeding, *see* Am. Compl. at ¶¶ 13-15, 45, and there is no question that "[c]riminal proceedings implicate state interests of the highest order." *Ronwin v. Dunham*, 818 F.2d 675, 678 (8th Cir. 1987) (citing *Younger*, 401 U.S. at 43). Weaver alleges, invoking both state law and the Constitution of the United States, that he is being selectively prosecuted and that the felony information and bench warrant are defective, but these defenses, to the extent they are applicable, may be raised in the criminal proceeding. *See, e.g., Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003) (setting forth test to apply to selective prosecution claim in criminal proceeding); *Turner v. State*, 2007 WL 417383 (Ark. 2007) (defendant may object to sufficiency of information prior to trial); *Denton v. State*, 1988 WL 100658 (Ark. 1988) (even if bench warrant is defective, arrest will be deemed valid if supported by probable cause); *Van Daley v. State*, 20 Ark.App. 127, 725 S.W.2d 574 (1987) (only purpose of arrest warrant is to have an accused arrested and brought before the justice or other officer issuing the warrant so that he may be dealt with according to law; when that has been done the warrant has performed its function and has no operation whatever on the subsequent proceedings).[3]

Nor does the Court detect bad faith, harassment, or "extraordinary circumstances" that would overcome the *Younger* abstention doctrine. Weaver alleges there is no possibility that a guilty verdict can be obtained, but he acknowledges he took control over the cash that is the subject of the information, stating it "is in fact the receipt of severance pay, salaries, or bonuses

---

[3] This Court "will not engage any presumption 'that the state courts will not safeguard federal constitutional rights.'" *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997) (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 431).

... authorized by vote of the City Council,"[4] and this Court certainly cannot say there is no reasonable expectation of obtaining a valid conviction. Although "[a] showing that a prosecution was brought in retaliation for or to discourage the exercise of constitutional rights 'will justify an injunction *regardless* of whether valid convictions conceivably could be obtained,'" *Lewellen*, 843 F.2d at 1109-1110 (quoting *Fitzgerald v. Peek,* 636 F.2d 943, 945 (5th Cir. 1981) (emphasis added)), this Court finds in these circumstances that the exercise of Weaver's constitutional rights is not implicated so as to overcome the *Younger* abstention doctrine.

### III.

For the foregoing reasons, and there being no objection, the Court hereby grants defendants' motion to dismiss Weaver's amended complaint [doc.#4].

IT IS SO ORDERED this13th day of June 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[4] Defendant Long states there are felony charges pending in Phillips County Circuit Court against several West Helena City Council members and the West Helena County Clerk.